U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

APR - 3 2012

CLERK, U.S. DISTRICT COURT
by_____
                    Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. 4:11-CV-891-A |
| | § | (NO. 4:09-CR-160-A) |
| | § | |
| JUAN RAMIREZ | § | |

MEMORANDUM OPINION
and
ORDER

Came on to be considered the motion of movant, Juan Ramirez,

under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence.

The government filed a response, and movant filed a reply.

Having now considered all of the parties' filings, the entire

record of this case, and applicable legal authorities, the court

concludes that the motion should be denied.

I.

Background

On December 11, 2009, movant pleaded guilty to two counts of

making false statements during purchase of a firearm, in

violation of 18 U.S.C. § 924(a)(1)(A). On April 2, 2010, the

court sentenced movant to sixty months' incarceration with the

Bureau of Prisons as to each count, to be served consecutively to

each other, for a total term of imprisonment of 120 months,

followed by a three-year term of supervised release. On June 1,

2011, the United States Court of Appeals for the Fifth Circuit affirmed movant's sentence.  <u>United States v. Ramirez</u>, 427 F. App'x 294 (5th Cir. June 1, 2011).  The United States Supreme Court denied certiorari on October 11, 2011.

II.

<u>Grounds of the Motion</u>

All of movant's grounds for relief concern the same issue: that movant's sentence was increased above the guideline range based on facts contained in the presentence report. Specifically, movant's first ground for relief alleged that the court was required to impose a sentence based on the facts in the plea agreement and not on any additional findings of fact based on the probation officer's conclusions in the presentence report.

As movant's second ground for relief he alleged that his guilty plea was not knowing and voluntary because he was not advised that his sentence would be based on his involvement with over 200 weapons.

The third ground for relief alleged ineffective assistance of his attorney, Matt Belcher ("Belcher"), during pretrial, plea negotiations, and at sentencing.

For his fourth ground movant alleged that the court exceeded its jurisdiction and invaded the province of the jury when it

2

used additional facts to which movant did not plead guilty to increase his sentence.

In a memorandum of law attached to the motion movant set forth his arguments in support of his grounds for relief. The essence of movant's argument on the first ground is that the facts the court used to increase movant's sentence--including his alleged affiliation with the La Familia drug trafficking organization and his purchase and movement of approximately 300 firearms--were only found in the presentence report prepared by the probation officer. Movant did not admit to those facts as they were not in the plea agreement, and the court invaded the province of the jury when it used those facts to increase his sentence. In support of his first ground movant relied heavily on the decision of the United States Supreme Court in <u>Cunningham v. California</u>, 549 U.S. 270 (2007).

In support of his second ground movant argued that the statutory range "post-[Sentencing Reform Act]" was seventy months, not 120 months, and that movant only admitted to the facts in the plea agreement, not to any additional facts. Mot. at 8. Movant alleged that he was never advised that the court would ignore the facts in the plea agreement and rely on the "unreliable and error-prone" presentence report in calculating

his sentence.  Id.

Movant argued as to the third ground that Belcher was
ineffective for failing to inform him that the court would
determine movant's sentence based on facts in the presentence
report and not admitted to by movant.  Movant also alleged that
had he been apprised that the court would disregard the facts in
the plea agreement he would have elected to go to trial.  Movant
further complained that at sentencing Belcher should have
objected that the sentence exceed the "statutory maximum" of
seventy to eighty-seven months.  Id. at 11.

As to the fourth and final ground, movant argued that the
court exceeded its jurisdiction when it found movant guilty of
conduct comprising the offense that constituted the crime.

### III.

#### Treatment of § 2255

After conviction and exhaustion of any right to appeal,
courts are entitled to presume that a defendant stands fairly and
finally convicted.  United States v. Frady, 456 U.S. 152, 164
(1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir.
1991) (en banc).  A defendant can challenge his conviction or
sentence after it is presumed final only on issues of
constitutional or jurisdictional magnitude and may not raise an

4

issue for the first time on collateral review without showing
both "cause" for his procedural default and "actual prejudice"
resulting from the errors.  <u>Shaid</u>, 937 F.2d at 232.  Section 2255
does not offer recourse to all who suffer trial errors, but is
reserved for transgressions of constitutional rights and other
narrow injuries that could not have been raised on direct appeal
but, if condoned, would result in a complete miscarriage of
justice.  <u>United States v. Capua</u>, 656 F.2d 1033, 1037 (5th Cir.
Unit A Sept. 21, 1981).

IV.

<u>None of the Grounds Has Merit</u>

All of movant's grounds for relief are based on the same
general proposition:  that the court erred in sentencing movant
based on information in the presentence report, rather than on
the facts admitted in the plea agreement.  Rather than address
each of the grounds separately, the court will discuss all of
movant's arguments and grounds for relief together.

The sum of movant's claims is that any facts used in
determining his sentence must be found by the jury, rather than
the court, and that the court impermissibly considered facts in
the presentence report that failed to meet this standard.  "The
sentencing judge is entitled to find by a preponderance of the

5

evidence all the facts relevant to the determination of a
Guideline sentencing range and all facts relevant to the
determination of a non-Guidelines sentence." United States v.
Mares, 402 F.3d 511, 519 (5th Cir. 2005).

Movant's complaint that the court relied on the presentence
report is also unavailing. A "presentence report generally bears
sufficient indicia of reliability to be considered as evidence by
the trial judge in making the factual determinations required by
the sentencing guidelines." United States v. Alford, 142 F.3d
825, 831-32 (5th Cir. 1998) (citation omitted). Thus, it was no
error for the court to rely on the facts established by the
presentence report, especially in light of movant's failure to
provide controverting evidence. Id. at 832.

Movant's reliance on Cunningham v. California, 549 U.S. 270
(2007) affords him no relief. Cunningham addressed the
constitutionality of California's determinate sentencing law and
did nothing to disturb the advisory nature of the sentencing
guidelines following the Supreme Court's decision in Booker. See
Cunningham, 549 U.S. at 292 ("California's [determinate
sentencing law] does not resemble the advisory system the Booker
Court had in view.").

Further, from movant's motion and memorandum of law it

6

appears he has confused the recommended sentencing range under the U.S. Sentencing Guidelines and the maximum statutory sentence. Movant repeatedly argues that the new statutory maximum "post-[Sentencing Reform Act]" was somewhere between seventy to eighty-seven months, and he objects that the court exceeded the new "statutory maximum" with a sentence of 120 months. As set forth in the presentence report, and as the court informed movant at sentencing, the applicable guideline range was seventy to eighty-seven months. Sentencing Tr. at 7. However, at movant's rearraignment the court informed movant that the maximum sentence was five years' imprisonment as to each count for a total term of imprisonment of ten years. Rearraignment Tr. at 47. Additionally, the factual resume and plea agreement clearly stated that the maximum statutory sentence was five years as to each count for a total term of imprisonment of ten years. It could not have been made more clear to movant that the statutory maximum sentence for both counts was ten years' imprisonment.

Although movant claims that his plea was unknowing and involuntary, the record fails to support movant's contention. For a guilty plea to be knowing and voluntary, the defendant must have "a full understanding of what the plea connotes and of its

consequence." <u>United States v. Hernandez</u>, 234 F.3d 252, 255 (5th Cir. 2000) (per curiam) (internal quotations and citations omitted).  However, "[t]he defendant need only understand the direct consequences of the plea; he need not be made aware every consequence that, absent a plea of guilty, would not otherwise occur." <u>Id.</u> (internal citations omitted).  The defendant's representations, as well as those of his lawyer and the prosecutor, and any findings by the judge in accepting the plea, "constitute a formidable barrier in any subsequent collateral proceedings." <u>Blackledge v. Allison</u>, 431 U.S. 63, 74 (1977). Solemn declarations in open court carry a strong presumption of truthfulness, and a defendant bears a heavy burden to show that the plea was involuntary after testifying to its voluntariness in open court. <u>DeVille v. Whitley</u>, 21 F.3d 654, 659 (5th Cir. 1994).

At movant's rearraignment, the court explained that in federal court, "the Judge determines the penalty if a defendant is convicted" either by jury trial or guilty plea, and admonished movant not to "depend or rely upon any statement or promise by anyone" as to the potential sentence.  Rearraignment Tr. at 15. The court explained that: it was required to consider the applicable sentencing guidelines but could also depart from the

guidelines under some circumstances; it was not bound by any
stipulated facts between movant and the government; and, it could
impose punishment that might disregard any stipulated facts or
take other, unstipulated facts into account. Id. at 22. Of
particular relevance here, the court specifically informed movant
that the guideline range for his case could not be determined
until after completion of the presentence report by the probation
officer, and that the court relied heavily on the presentence
report in deciding the sentence to impose. Id. at 22, 24.

The court explained how it determined movant's applicable
guideline range and read the possible penalties to which movant
could be subjected. Id. at 48. Movant testified that he
understood the possible penalties and punishments. Id.
Pertinent here, upon specific questioning by the court, movant
denied that anyone had made any promise or assurance to induce
him to plead guilty. Id. at 52.

Movant testified that the plea agreement and factual resume
had been read to him in his language, that he had discussed them
with his attorney and understood their content and legal effect,
and that he signed both documents. Id. at 42. Both documents
contained information about the potential penalty movant could
face, including imprisonment for a maximum of five years as to

each count for a total term of imprisonment of ten years.  Movant

testified unequivocally that he understood that by pleading

guilty he was subjecting himself to such penalties.  Id. at 48.

Also included in the plea agreement was the acknowledgment that

the court would impose the sentence, and that the actual sentence

imposed was within the court's discretion, so long as it was

within the statutory maximum.  Id. at 49.  Movant testified that

he understood the terms of the plea agreement and entered into

the agreement voluntarily of his own free will.  Id. at 51-52.

After considering all of the aforementioned testimony, the

court expressly found movant's plea to be knowing and voluntary.

Id. at 55.  Under these facts, it is clear that movant knew the

consequences of his plea as contemplated by the Fifth Circuit,

and the court cannot now conclude that movant's plea was anything

other than knowing and voluntary.

Finally, to prevail on his claim of ineffective assistance

of counsel, movant must show that (1) counsel's performance fell

below an objective standard of reasonableness and (2) there is a

reasonable probability that, but for counsel's unprofessional

errors, the result of the proceedings would have been different.

Strickland v. Washington, 466 U.S. 668, 688, 694 (1984).  Both

prongs of the Strickland test must be met to demonstrate

10

ineffective assistance; however, both prongs need not be considered if movant makes an insufficient showing as to one. Id. at 687, 697. Judicial scrutiny of this type of claim must be highly deferential, and movant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Id. at 689. Here, movant is entitled to no relief based on the alleged ineffective assistance of counsel because he has failed to meet the standard set forth by Strickland.

To the extent movant complains that Belcher failed to apprise him that the court would consider facts outside the plea agreement in determining his sentence, movant is unable to show prejudice. As discussed supra, the court informed movant at his rearraignment hearing that the court would determine the sentence, that in doing so it could consider facts outside those agreed to by the government and movant, and that it would rely heavily on the presentence report. Rearraignment Tr. at 22-24. Movant testified that he understood the court's explanations about the sentencing process. Id. at 25. The court also expressly cautioned movant not to rely on promises made by anyone as to a possible sentence, and movant testified that no one had made any such promises. Id. at 52. Considering all of the

11

foregoing, movant is unable to show any prejudice as a result of Belcher's alleged errors or omissions.

Movant's contention that Belcher should have objected to the sentence also fails.  At sentencing, Belcher argued against imposition of the ten-year statutory maximum sentence and instead argued for application of the seventy to eighty-seven month guideline range.  That Belcher was unsuccessful in his objection and argument does not constitute ineffective assistance of counsel.  See Youngblood v. Maggio, 696 F.2d 407, 410 (5th Cir. 1983) (per curiam).[1]

V.

ORDER

Therefore,

The court ORDERS that the motion of Juan Ramirez to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further

---

[1]Movant also complains that Belcher failed to object that the sentence was greater than the "statutory maximum," Mot. at 11, and that the statutory maximum was now the guideline range of seventy to eighty-seven months.  As discussed, movant has confused the U.S. Sentencing Guidelines with the maximum sentence set forth in 18 U.S.C. § 924(a)(1)(A).  Thus, any objection on this point would have been frivolous; counsel is not required to raise frivolous objections.  Emery v. Johnson, 139 F.3d 191, 198 (5th Cir. 1997).

ORDERS that a certificate of appealability be, and is hereby,

denied, as movant has not made a substantial showing of the

denial of a constitutional right.

    SIGNED April 3, 2012.

JOHN McBRYDE
United States District Judge